No. 39,918

WALTER R. PIPER, *Appellant*, v. ELGIN WOOD, WALTER KEELER, HOMER HALL, CLARK LONGNECKER and HERBERT TRAPP, as the Board of Trustees of The Firemen's Pension Fund, *Appellees*.

(290 P. 2d 1000)

Opinion filed December 10, 1955.

*Robert R. Hasty,* of Wichita, argued the cause, and was on the brief for the appellant.

*Douglas E. Shay,* of Wichita, argued the cause, and *Fred W. Aley,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was a proceeding in mandamus to compel the Board of Trustees of the Firemen's Pension Fund to appoint a physician to examine the plaintiff physically on his application for retirement in accordance with the provisions of G. S. 1949, ch. 13, art. 14a. Plaintiff Walter R. Piper (appellant) and defendants Board of Trustees of the Firemen's Pension Fund (appellees) will be hereafter referred to as plaintiff and defendants.

An alternative writ was issued by the trial court. In pertinent part, the writ set forth that the plaintiff was an employee of the fire department of the city of Wichita, and while so employed and actively engaged in his duties was permanently injured or disabled; that he filed with the defendants an application for a pension in accordance with the provisions of the mentioned statute, and made a request in writing to the board to appoint one or more physicians to give plaintiff a physical examination, in accordance with section 13-14a09, and that defendants failed to do so as required by the mentioned statute. The defendants were ordered to appoint a physician or physicians to examine plaintiff physically and mentally to determine his claim for a pension on file with the firemen's pension fund, or to show cause why they had not done so.

Defendants filed their answer, the pertinent part of which denied

the allegations of the writ, admitting, however, that plaintiff had been at one time an employee of the fire department, but the relationship terminated in September, 1951; that plaintiff filed his application for a pension with defendants on December 12, 1951, and on January 5, 1952, pursuant to an application under section 13-14a06, he was paid a refund in the amount of $374.59, thus terminating any rights he might otherwise have had in and to a pension. On December 1, 1952, plaintiff filed a supplemental application with the pension board, and on December 30, 1953, defendants advised plaintiff through his attorney of record that his application for a pension had been denied, setting forth the reasons therefor. The answer further alleged that plaintiff had no application for a pension pending or undisposed of at the time of the commencement of this action and, as a result, defendants had no duties to perform toward plaintiff. Plaintiff demurred to defendants' answer on the ground that the facts stated did not constitute a defense. From an order of the trial court overruling his demurrer, he appeals.

In an application for a writ of mandamus, no other pleadings are allowed in making up the issues than a writ and answer, and the issues thereby joined must be tried, and the further proceedings thereon had in the same manner as in a civil action. (G. S. 1949, 60-1709.)

While we have recognized a motion for judgment on the pleadings as a proper pleading, it has been limited, and is proper only where the cause of action is admitted by the answer, and no facts are alleged therein which defeat the admission. (*Fidelity Life Ass'n v. Hobbs,* 161 Kan. 163, 166 P. 2d 1001.)

In the instant case, the answer contained a general denial which raised issues of fact. The answer presented questions of law and fact which require evidence for their determination and do not concern a question of law which can be determined in advance of the trial. Even if plaintiff's demurrer was to be considered a proper pleading, he cannot prevail as against a general denial. In addition, in determining the legal sufficiency of the answer, plaintiff by his demurrer admitted he had no application for pension pending and undisposed of before the defendant board, and that he made application for and received a pension refund under section 13-14a06. Any one of the above allegations would constitute a defense.

Inasmuch as the writ and answer present questions of law and fact which require evidence for their determination, the trial court

did not err in overruling plaintiff's demurrer to the defendants' answer, even though the demurrer had been a proper pleading in a mandamus action.

The judgment of the trial court is affirmed and the case is remanded for further proceedings.